TMLF HAWAII, LLLC
PETER T. STONE #2788
DEREK W.C. WONG #4155
1001 Bishop Street, Suite 1000
Honolulu, Hawaii 96813
Telephone: (808) 489-9741
Facsimile: (808) 489-9835
TMLF File No. 139449

Attorneys for Movant,
HSBC Bank USA, National Association as Trustee for the Holders of the Ellington Loan
Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1,
its successors and assigns

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ROMEO PAYUMO PINEDA fdba ROMEO P PINEDA MD and ROSABELLA SALANG PINEDA,<br><br>        Debtors. | Case No. 18-00466<br>Chapter 7<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; EXHIBITS "A" THROUGH "D"<br><br>Date: 06/26/2018<br>Time: 9:30 a.m.<br>Judge: HON. ROBERT J. FARIS<br><br>Property Address:<br>98-1890 HAPAKI STREET<br>AIEA, HAWAII 96701 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

    HSBC Bank USA, National Association as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, its successors and assigns ("Movant") hereby moves this Court for an order pursuant to 11 U.S.C. § 362(d)(1) and/or § 362(d)(2) terminating the automatic stay as to the Debtors and the bankruptcy estate allowing Movant to proceed

1

with and complete any and all contractual and/or statutory foreclosure remedies incident to its security interest held in the real property commonly described as 98-1890 HAPAKI STREET, AIEA, HAWAII 96701 ("Property").

Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position. The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from the Automatic Stay filed contemporaneously herewith.

I.   **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

1. On 04/27/2018, ROMEO PAYUMO PINEDA fdba ROMEO P PINEDA MD and ROSABELLA SALANG PINEDA ("Debtors"), filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. As a result of the filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362(a).

2. On or about 01/02/2007, the Borrowers, ROMEO PAYUMO PINEDA and ROSABELLA SALANG PINEDA, executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $684,000.00 (the "Note"). A true and correct copy of the Note is attached hereto and filed concurrently herewith as **Exhibit "A."**

3. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee, or beneficiary, or the assignee of the Mortgage.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Mortgage are secured by the real property located at 98-1890 HAPAKI STREET, AIEA, HAWAII 96701 ("Property") and other collateral described in the Mortgage. A true and correct copy of the Mortgage is attached hereto and filed concurrently herewith as **Exhibit "B."**

2

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage (the "Assignment"), a true and correct copy of which is attached hereto and filed concurrently herewith as **Exhibit "C."**

**II.    DEFAULT**

6. A default exists under the Note for failure to make payments.

7. NATIONSTAR's records reflect that the Note is contractually due for 12/01/2010. The monthly payment amount is currently $5,486.70.

8. As of 05/03/2018, the Debtors have failed to make installment payments with respect to the Note, and the arrearage is as follows:

| No. of Payments | Principle & Interest | Escrow | Total Payment | Payment Dates | Total Due |
|---|---|---|---|---|---|
| 90 | $5,197.26 | $289.44 | $5,486.70 | 12/01/2010 to 05/01/2018 | $493,803.00 |
| **Total Due as of 05/03/2018:** | | | | | **$493,803.00** |

9. An additional payment will come due on 06/01/2018, and will come due on the 1st day of each month until the Note is paid in full.

10. As of 05/03/2018, the amount of Movant's outstanding debt with respect to the Loan is as follows (estimate only and not to be relied upon for loan payoff):

| Unpaid Principal Balance: | $675,882.85 |
|---|---|
| Unpaid, Accrued Interest: | $448,781.48 |
| Escrow Advance: | $26,402.35 |
| Corporate Advance: | $16,080.82 |
| **Minimum Outstanding Obligations:** | **$1,167,147.50** |

11. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

12. The estimated market value of the Property is $860,000.00. The basis for the valuation is the Debtors' Schedules A and D. A true and correct copy of the Debtors' Schedules A and D are attached hereto and filed concurrently herewith as **Exhibit "D."**

13. Upon information and belief, the aggregate amount of the encumbrances on the Property listed in the Schedules or otherwise known, including, but not limited to, the encumbrance granted to Movant is approximately $1,167,147.50.

### III. ARGUMENT

### A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)

11 U.S.C. § 362(d)(1) provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest…

Cause includes a debtor's lack of equity in a property, a debtor's failure to make mortgage payments and lack of adequate protection of a creditor's interest in the property. *See, e.g., W. Equities Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985).

Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. *Id.* at 1400 n.2. In the case at bar, considering the value of the Property, Movant's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and, thus, Movant lacks adequate

4

protection. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(2)**

11 U.S.C. 362(d)(2) provides that "on request of a party in interest and after notice and hearing, the court shall grant relief from the stay ... with respect to a stay of an act against property ... if-(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

The Ninth Circuit Court of Appeals has held that the proper definition of "equity" for purposes of § 362(d)(2)(A) is the difference between the value of the property and all the encumbrances upon it. *Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir.1984).

Movant is informed and believes, based upon the Debtors' Schedules A and D, that the fair market value of the Property is approximately $307,700.00.[1]

Movant submits that the Debtors' equity in the Property is as follows:

| Fair Market Value: | $860,000.00 |
|---|---|
| Less | |
| Movant's First Trust Deed: | $1,167,147.50 |
| Equity in the Property: | ($307,147.50) |

As a result, there is no equity in Property for the Debtors or the bankruptcy estate. Finally, there is no reorganization in prospect as this is a liquidation of the Debtors' assets under Chapter 7 of the Bankruptcy Code.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

---

[1] A copy of the Debtors' Schedules A and D are filed concurrently herewith as Exhibit "D" and incorporated herein by reference.

5

1. Terminating the automatic stay of 11 U.S.C. § 362(a), to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments;

4. Permitting Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to enter into such agreement without further order of the court;

5. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

6. That is binding and effective despite conversion of this case to any other chapter of Title 11 of the United States Code; and

7. For such other and further relief as the Court deems just and proper.

DATED: May 30, 2018　　　　　　　　　　TMLF HAWAII, LLLC

　　　　　　　　　　　　　　　　　　　　BY: /s/ *Derek W.C. Wong*
　　　　　　　　　　　　　　　　　　　　　　　Derek W.C. Wong
　　　　　　　　　　　　　　　　　　　　　　　Peter T. Stone
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Movant